**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DIRECTV, INC., | No. C-04-3571 SC |
| Plaintiff, | |
| v. | ORDER AND DEFAULT JUDGMENT |
| THUAN NGUYEN, | |
| Defendant. | |

Plaintiff DIRECTV, Inc. ("Plaintiff") offers subscription-based television programming via a direct broadcast satellite system. Plaintiff brings this action against Defendant Thuan Nguyen ("Defendant") for unauthorized reception of Plaintiff's satellite signal. Plaintiff's Complaint alleges four counts based on 47 U.S.C. § 605(a), 18 U.S.C. § 2520(a), 47 U.S.C. § 605(e)(4), and state tort law. Defendant has not filed any sort of responsive pleading nor responded in any other way to the complaint. The Court's Clerk entered default on January 31, 2005. Plaintiff now moves for entry of default judgment. Because this Court finds the allegations put forth by Plaintiff's Complaint sufficient to support default judgment on the claim brought pursuant to 47 U.S.C. § 605(e)(4), the Motion is GRANTED solely with respect to that claim. The other three claims are DISMISSED

1  for the reasons stated below.

2  "The general rule of law is that upon default the factual
3  allegations of the complaint, except those relating to the amount
4  of damages, will be taken as true." Geddes v. United Fin. Group,
5  559 F.2d 557, 560 (9th Cir. 1977).  Therefore, for purposes of
6  this Motion, the Court accepts as true the facts as portrayed in
7  the Complaint.

8  Plaintiff encrypts its satellite transmissions to prevent
9  unauthorized viewings of its broadcasting services.  Complaint at
10 1.  A Pirate Access Device ("Device") can be used to circumvent
11 the encryption.  On May 25, 2001, Plaintiff executed Writs of
12 Seizure which resulted in possession of a variety of sales records
13 detailing purchases of Devices.  Id. at 2.  Based on these
14 records, Plaintiff alleges in its Complaint that Defendant
15 purchased eight devices which were shipped to Defendant's address
16 in Alameda, California.  Id. at 4.

17 Plaintiff's first three claims are based on federal statutes.
18 The first claim is brought pursuant to 47 U.S.C. § 605(a), which
19 states, among other prohibitions, "No person not being entitled
20 thereto shall receive or assist in receiving any interstate or
21 foreign communication by radio and use such communication (or any
22 information therein contained) for his own benefit or for the
23 benefit of another not entitled thereto."  The second claim is
24 brought pursuant to 18 U.S.C. § 2520(a), which states that "any
25 person whose wire, oral, or electronic communication is
26 intercepted, disclosed, or intentionally used in violation of [18
27 U.S.C. §§ 2510 et seq.] may in a civil action recover from the

28

1 person or entity ... engaged in that violation."  The third claim
2 is brought pursuant to 47 U.S.C. § 605(e)(4), which prohibits the
3 manufacture, assembly, modification, import, export, sale and
4 distribution of devices designed to steal satellite programming
5 signals.  As to the relationship between the first claim, under
6 § 605(a), and the third claim, under § 605(e)(4), courts have
7 generally held that § 605(a) is aimed at end-users of Devices and
8 § 605(e)(4) is aimed at traffickers in Devices.  See DIRECTV, Inc.
9 v. Carpenter, No. 03-5247, 2005 U.S. Dist. LEXIS 5124, at *17
10 (N.D. Cal. March 11, 2005).

11     The Court notes that none of these statutes create liability
12 on the part of a defendant for mere possession of a Device.
13 Plaintiff has offered no direct evidence that Defendant engaged in
14 activities beyond mere possession of the Devices.  Nevertheless,
15 Plaintiff's allegation that Defendant purchased eight Devices is
16 strong circumstantial evidence that Defendant violated
17 § 605(e)(4)'s prohibition on trafficking the devices.  The
18 purchase of eight Devices is unusual in that there are few
19 legitimate uses for eight Devices except either sale or
20 distribution, both of which are prohibited under the statute.
21 Therefore, the Court finds that this evidence is enough to support
22 default judgment on the third federal claim.  The Court declines,
23 however, to grant default judgment on the first and second claims
24 since there is no direct or circumstantial evidence to suggest use
25 of Devices by Defendant.

26     With respect to Plaintiff's third claim, brought pursuant to
27 47 U.S.C. § 605(e)(4), Plaintiff may recover "statutory damages in
28

3

1  a sum not less than $10,000 or more than $100,000, as the court
2  considers just." 47 U.S.C. § 605(e)(3)(C)(II). Furthermore,
3  under § 605(e)(4), "prohibited activity ... as it applies to each
4  such device shall be deemed a separate violation." 47 U.S.C. §
5  605(e)(4). Because default judgment rests solely on the fact that
6  Defendant purchased multiple Devices and on no other direct
7  evidence, the Court hereby awards $10,000 for each device, or a
8  total of $80,000, to Plaintiff for violation of § 605(e)(4).

9  Plaintiff's Fourth Cause of Action is a state tort conversion
10 claim. Complaint at 6. Having reviewed the papers submitted by
11 Plaintiff with respect to the Motion now before the Court, it does
12 not appear that Plaintiff has requested default judgment on this
13 claim. Furthermore, Plaintiff has filed notice with this Court
14 that it does not intend to pursue the claim. See September 2,
15 2005 Notice by DirecTV. Therefore, the Court declines to grant
16 default or award damages for the Fourth Cause of Action and
17 dismisses the claim.

18 Plaintiff has also moved for an award of attorneys' fees. A
19 party who prevails under 18 U.S.C. § 2520 and 47 U.S.C. § 605(a)
20 and (e)(4) is entitled to reasonable attorneys' fees and costs.
21 18 U.S.C. § 2520(b)(3); 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff
22 claims $2,820.60 in attorneys' fees and costs. Motion at 18.
23 Given the number of similar suits filed by Plaintiff in this
24 district alone, the Court questions the level of work carried out
25 on the particular suit which is the subject of this Order.
26 Plaintiff states that such fees have been pro rated among similar
27 lawsuits to ameliorate this concern. Declaration of Sandeep J.

Shah at 3. Furthermore, the Court has reviewed the docket activity report for this case and noted that Plaintiff's attorneys carried out substantive work for this case including the filing of a complaint, a motion for entry of default, a case management statement, and the instant Motion and supporting documents. Therefore, the Court finds that the alleged amount is within a reasonable range. On the other hand, the Court notes that the alleged figure of $2,820.60 includes $765 in attorneys' fees for attending the hearing related to this Motion. Id. at 4. As recorded in the docket report for this case, Plaintiff's attorney moved for a telephonic hearing with regard to this Motion. The Court, however, notified Plaintiff's attorneys that the instant Motion would be decided on the papers and there was no hearing. Therefore, the Court finds that $2,820.60 less $765, or $2,055.60 is an appropriate amount for Plaintiff to recover in attorneys' fees and costs.

For the reasons stated above, the Court hereby GRANTS Default Judgment in favor of Plaintiff and against Defendant on the Third Cause of Action. The other three Causes of Action are hereby DISMISSED. In conjunction with this Judgment, the Court hereby awards Plaintiff $80,000 for violations of 47 U.S.C. § 605(e)(4). The Court also awards Plaintiffs $2,055.60 in attorneys' fees and costs.

IT IS SO ORDERED.

Dated: September 6, 2005

_____
UNITED STATES DISTRICT JUDGE

5